E-FILED
Thursday, 24 May, 2012  09:04:25 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| NAKETIA NIKKI JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 11-1431 |
| TOYS R US, Inc., | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Toys R Us, Inc.'s (Toys R Us) Combined Motion and Memorandum in Support of its Motion to Dismiss, or, Alternatively, to Strike Plaintiffs' Jury Demand (d/e 9) (Motion).  Plaintiff Naketia Nikki Johnson alleges claims for employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964.  Complaint (d/e 1); 42 U.S.C. § 2000e.  Toys R Us filed the Motion on April 4, 2012.  On April 5, 2012, the Clerk sent *pro se* Plaintiff Johnson a notice that she was required to respond to the Motion within fourteen days or the Motion would be granted and the case would be dismissed.  Rule 56 Notice filed April 5, 2012 (d/e 10).

On April 17, 2012, Johnson filed a Motion to Continue (d/e 11).  On April 18, 2012, this Court directed Johnson to clarify the relief that she

sought in her Motion to Continue. <u>Text Order entered April 18, 2012</u>. On April 23, 2012, this Court granted Johnson an extension of time until April 30, 2012, to supplement the Motion to Continue and to respond to the Motion. <u>Text Order entered April 23, 2012</u>. To date, Johnson has done neither. She therefore is deemed to have no opposition to the Motion. Local Rule 7.1(B). In addition to Johnson's acquiescence to the Motion, Johnson's claims are untimely. The Court, therefore, recommends that the Motion should be granted, and the case should be dismissed.

## STATEMENT OF FACTS

Johnson is an African American woman. Johnson alleges that she began working for Toys R Us on December 15, 2009. She alleges that she was discharged on February 25, 2010. <u>Complaint</u>, attached <u>Charge of Discrimination</u>. She alleges that her supervisor discriminated against her by using racially abusive language and physically assaulting her. She alleges that when she complained, Toys R Us retaliated against her by unfairly disciplining her and ultimately firing her. <u>Complaint</u>, IV. B.

Johnson filed her Charge of Discrimination with Equal Employment Opportunity Commission (Commission or EEOC) on March 25, 2010. Johnson listed her address as 1217 N. Lee Street, Bloomington, Illinois 61701. <u>Complaint</u>, attached <u>Charge of Discrimination</u>. On May 23, 2011, the Commission issued Johnson a "Dismissal and Notice of Rights,"

generally referred to as a right-to-sue letter (Letter). <u>Complaint</u>, attached <u>Letter</u>. The Commission addressed the Letter to Johnson at the Lee Street address in Bloomington. <u>Id.</u> The Commission sent the Letter by certified mail. The United States Postal Service's tracking records indicate that the Postal Service attempted to deliver Letter on May 25, 2011, but could not, and left a notice on that date. The Postal Service held the Letter in the Bloomington postal facilities until June 14, 2011, but the Letter was not claimed. The Postal Service returned the Letter to the Commission on June 20, 2011. <u>Motion</u>, Exhibit 5, <u>United States Postal Service Postal Tracking Records</u>.

Johnson received the Letter in September 2011. Johnson attached a copy of an envelope from the Commission postmarked September 20, 2011, and addressed to Johnson at 1005 Sheryl Lane Apt. A4, Normal, Illinois 61761. Johnson alleges in a handwritten statement on the copy of the envelope,

> EEOC Investigator sent right-to-sue letter via certified mail Plaintiff never received it. Plaintiff contacted Investigator whom sent via regular US mail and stated the 90 days apply to date on this letter. According to this right-to-sue was filed in a timely manner.

<u>Complaint</u>, attached <u>Copy of Envelope from Commission</u>. Johnson filed this action on November 22, 2011. Toys R Us moves to dismiss the action as untimely.

ANALYSIS

For purposes of the Motion, this Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to Johnson. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). The Court may also consider documents attached to the Motion if they are referred to in the Complaint and are central to the claim. Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993). The Court may further consider matters of public record, such as government records, including the Postal Service tracking records. Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994); see Denius v. Dunlap, 330 F.3d 919, 926-27 (7th Cir. 2003).

Dismissal is proper if the Complaint, when read favorably to the plaintiff, fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is

plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests. George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007).

Title VII claims are subject to administrative exhaustion requirements and statutes of limitations. 42 U.S.C. §§ 2000e-5. The aggrieved person must first file a charge of discrimination with the Commission within 300 days of the date of the alleged discrimination. 42 U.S.C. §2000e-5(e)(1) (time frame is 300 days because Illinois has a state agency, the Illinois Department of Human Rights, that provides similar protections). The Commission must then issue a right-to-sue-letter to the aggrieved person, and the aggrieved person must file an action within 90 days of receipt of the letter. 42 U.S.C. § 2000e-5(e)(1) & (f)(1); Prince v. Stewart, 580 F.3d 571,574 (7th Cir.2009).

The 90 day period begins to run when the right-to-sue letter is first attempted to be delivered to the most recent address on file with the Commission. St. Louis v. Alverno College, 744 F.2d 1314, 1317 (7th Cir. 1984). The Lee Street address was the address that Johnson provided to the Commission. The Commission addressed the Letter to that

address.  The Postal Service first attempted to deliver the Letter to that address on May 25, 2011.  Thus, the 90 day period began on that date.  Johnson did not file this action until November 22, 2011, much more than 90 days later.

Johnson was obligated to notify the Commission of her change of address or to take steps to forward her mail to her new address.  <u>St. Louis</u>, 744 F.2d at 1317.  Those steps were not taken.  As a result, Johnson failed to file this action within the 90 day statutory period.  The action is therefore untimely and should be dismissed.[1]

WHEREFORE, This Court recommends that Defendant Toys R Us, Inc.'s Combined Motion and Memorandum in Support of its Motion to Dismiss, or, Alternatively, to Strike Plaintiffs' Jury Demand (d/e 9) should be ALLOWED.  This case should be dismissed with prejudice.  The Motion to Continue (d/e 11) should be DENIED as moot.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a

---

[1] Johnson further has failed to prosecute the case.  She has not responded to the Motion, and so, has indicated that she has no opposition.  She further has not complied with this Court's instruction to supplement and clarify her Motion to Continue.  These failures to act indicate that she has decided not to prosecute her claims.

waiver of objections on appeal. See <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986). See <u>Local Rule</u> 72.2.

ENTER: May 24, 2012

<u>         *s/ Byron G. Cudmore*         </u>
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE