UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **NAKETIA NIKKI JOHNSON,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 11-1431 |
| **TOYS R US, Inc.,** | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on Magistrate Judge Byron Cudmore's Report and Recommendation [#12]. Therein, the Magistrate Judge recommends that Defendant Toys R Us, Inc.'s ("Defendant") Combined Motion and Memorandum in Support of its Motion to Dismiss, or, Alternatively, to Strike Plaintiffs' Jury Demand [#9] be allowed. Specifically, the Magistrate Judge recommends that the Motion [#9] should be granted and this case should be dismissed with prejudice because Plaintiff Naketia Nikki Johnson ("Plaintiff") failed to file this action within the required 90 day statutory period. The Magistrate Judge also recommends that Plaintiff's Motion to Continue [#11] be denied as moot.

On May 24, 2012, Judge Cudmore filed his Report and Recommendation [#12] and advised the parties that any objections thereto must be filed in writing with the Court within fourteen days after service. No objections have been filed.

For reasons stated herein, this Court ADOPTS the Magistrate Judge's Report and Recommendation [#12]. Defendant's Motion to Dismiss [#9] is GRANTED and Plaintiff's Complaint [#1] is DISMISSED WITH PREJUDICE. Additionally, Plaintiff's Motion to Continue [#11] is DENIED AS MOOT.

1

**Standard of Review**

A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made. See Fed. R. Civ. P. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

Motion to Dismiss

In resolving a motion to dismiss, this Court must consider all well-pled facts as true and must draw all inferences in favor of the non-moving party. Bontkowski v. First Nat. Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993), *cert. denied*, 114 S.Ct. 602 (1993). In ruling on a motion to dismiss, courts consider whether relief is possible under any set of facts that could be established consistent with the allegations in the Complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This Court will dismiss a claim only if it is beyond doubt that no set of facts would entitle the Plaintiffs to relief. Chaney v. Suburban Bus Div., 52 F.3d 623, 627 (7th Cir. 1995); Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 432 (7th Cir. 1993). In the instant matter, the Court recognizes that Plaintiff is pro se and in reviewing his complaint the Court should hold it "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Discussion**

Plaintiff is an African American female. See [#1], p. 11. She was hired as a full time Department Supervisor for Defendant beginning on December 6, 2009. See Id., p. 10. On March 25, 2010, Plaintiff filed her Charge of Discrimination with the Equal Employment

Opportunity Commission ("EEOC"). See Id., p. 11. On her charge with the EEOC, Plaintiff listed her address as 1217 N. Lee Street, Bloomington, Illinois 61701. See Id.

On May 23, 2011, the EEOC issued Plaintiff a Dismissal and Notice of Rights Letter ("Right to Sue Letter"). See Id., p. 12-13. The Notice was sent via certified mail and addressed to the address Plaintiff listed on her charge. Id.

On November 11, 2011, Plaintiff filed her *pro se* Complaint against the Defendant alleging employment discrimination/retaliation. See Complaint [#1]. Plaintiff alleges that:

> Assistant Store Manager yelled and screamed and myself and other Associates of the store. When he had me alone state to me.
>
> "This is why we do not hire Black People lazy asses; Get out of my store."
>
> Kevin physically assaulted me as well on another incident. When I complained to corporate and management I was written up for minute causes. Which the fabrication of writes ups can be proven as retailation. As a result of my complaints I was terminated. This situation has scarred myself. I am seeking counseling[1].

See Complaint [#1], p. 6.

On April 4, 2012, Defendant filed its motion to dismiss arguing that Plaintiff's complaint was untimely because it was filed after the expiration of the 90-day statutory filing period and that Plaintiff has failed to exhaust her administrative remedies. Alternatively, Defendants argue that the trial by jury should be stricken.

On April 17, 2012, Plaintiff filed a Motion to Continue [#11] requesting a continuance for the hearing set on April 18, 2012. [#11] Oddly, no hearing had been scheduled for that day in this case. The Magistrate Judge entered a Text Order requiring Plaintiff to file a supplement to the motion clarifying the relief she was requesting. See Text Order dated April 18, 2012. Furthermore, the Court reminded Plaintiff that her response to the Motion to Dismiss was due on

---

[1] Paragraphs reproduced with errors appearing in the original source.

April 23, 2012. Id. In a Text Order dated April 23, 2012, the Magistrate Judge extended the deadline until April 30, 2012, for Plaintiff to file her response and supplement. The docket sheet reveals that Plaintiff apparently called the Clerk's on two occasions prior to the Magistrate Judge's filing his Report and Recommendation [#12], but ultimately, Plaintiff did not respond to the Motion to Dismiss [#9] or file her supplement. Furthermore, no objections to the Report and Recommendation [#12] have been filed.

Local Rule 7.1(B) provides that responses to motions to dismiss must be filed within 14 days after service of the motion and memorandum in support. The rule further states: "[i]f no response memorandum is filed within the time limit, the presiding judge will presume there is no opposition and may rule on the motion without further notice to the parties." Local Rule 7.1(B)(2). Despite being given two extensions, Plaintiff has failed to respond and accordingly, this Court finds it appropriate that the Magistrate Judge moved forward with his Report and Recommendation [#12]. Furthermore, the Court agrees with the Magistrate Judge that Plaintiff's lack of adhering to deadlines for the prosecution of this case is particularly glaring and demonstrates her lack of desire to continue this case.

That being said, turning to the merits of Defendant's Motion [#12], the Court agrees that this case should be dismissed. Under 42 U.S.C. §§ 2000e-5, Title VII claims are subject to administrative exhaustion requirements and statutes of limitations. An aggrieved person must file a charge of discrimination with the EEOC within 300 days of the date of the alleged discrimination. See 42 U.S.C. §2000e-5(e)(1). The EEOC must then issue its Right to Sue Letter to the complainant, and the complainant must file a civil action within 90 days of receipt of the letter. 42 U.S.C. § 2000e-5(e)(1) & (f)(1); Prince v. Stewart, 580 F.3d 571,574 (7th Cir.2009). The 90 days starts on "the date the notice was delivered to the most recent address

Plaintiff provided the EEOC." St. Louis v. Alverno College, 744 F.2d 1314, 1317 (7th Cir. 1984). The Seventh Circuit has explained that:

> Since 1977 people who have filed charges with the EEOC have been required to notify the Commission of any change of address. 42 Fed.Reg. 47,833 (Sept. 22, 1977). The regulation, 29 C.F.R. § 1601.7(b)(1981), makes mandatory that which was dictated already by common sense. The regulation provides that a person who has filed a Title VII charge "has the responsibility to provide the Commission with notice of any change in address and with notice of any prolonged absence from that current address so that he or she can be located when necessary during the Commission's consideration of the charge." *Id.*

Id.

With no objection, it is undisputed that the Lee Street address was the address that Plaintiff provided to the EEOC. See [#1], p. 14. This was the address that the EEOC directed the Right to Sue Letter.

As part of its Motion, Defendant provided the United States Postal Service's tracking records. See [#12-5]. The Court finds it appropriate to consider this information without converting Defendant's Motion into a motion for summary judgment. See Waller v. Randle, 2011 WL 2149081 (S.D.Ill) ("The letters' reference to and incorporation of the certified mail numbers means that the corresponding receipt date may be considered. *See supra* note 2; Fed.R.Civ.P. 10(c). And, lastly, the Court takes judicial notice that the Postal Service's website displays a receipt date of April 8. Fed R.Evid. 201(b); *Ray v. City of Chi.,* 629, F.3d 665 (7th Cir.2011) ("[I]t is well established that district courts may take judicial notice of certain documents ... when deciding motions to dismiss."); *Pugh v. Tribune Co.*, 521 F.3d 686, 691 (7th Cir. 2008). See Denius v. Dunlap, 330 F.3d 919, 926-27 (7th Cir. 2003). (collecting cases) (courts may take judicial notice of information provided on government agency's website).")

Based on the records of the United States Postal Service, the Postal Service attempted to deliver the Right to Sue Letter on May 25, 2011, at the Lee Street address but could not do so,

and left a notice on that date. The Postal Service held the Right to Sue Letter in the Bloomington postal facilities until June 14, 2011, but the Right to Sue Letter was not claimed. The Postal Service returned the Right to Sue Letter to the EEOC on June 20, 2011. Plaintiff ultimately received the Right to Sue Letter in September 2011 and filed this action on November 22, 2011.

The Court agrees with the Magistrate Judge that Plaintiff had an obligation to notify the EEOC of the change in her address or to take reasonable steps to forward her mail to a new address. She did not do so and as a result, Plaintiff's lawsuit had to be filed within 90 days of May 25, 2011, the date the Postal Service attempted to deliver the Right to Sue Letter. Having failed to do so, this action is untimely.

## Conclusion

This Court now ADOPTS the Magistrate Judge's Report and Recommendation [#12]. Defendant Toys R Us, Inc., Combined Motion and Memorandum in Support of its Motion to Dismiss, or, Alternatively, to Strike Plaintiffs' Jury Demand [#9] is GRANTED. Plaintiff's Complaint [#1] is DISMISSED WITH PREJUDICE. Plaintiff's Motion to Continue [#11] is DENIED as moot. This matter is now terminated.

ENTERED this 15th day of June 2012.

    /s/ Michael M. Mihm
Michael M. Mihm
United States District Judge